UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERMAINE D. CARPENTER,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | 17-CV-4287 |
| GREGG SCOTT,<br>    Defendant. | )<br>)<br>) | |

## OPINION

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

1

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. He is suing the Facility Director, Gregg Scott, based on an alleged unconstitutional rule.

Plaintiff says he believes he should be "allowed to have sexually explicit photos and consensual sex porno magazines." (Comp., p 5). However when Plaintiff has requested these items, he was informed it was against facility rules since sexually explicit materials are considered contraband. Plaintiff was referred to the Resident Handbook. Plaintiff maintains the restriction is unwarranted and unconstitutional. He asks for nominal damage and for the rule or policy to be eliminated.

The Seventh Circuit has held the *Turner* test is the appropriate standard for considering a civil detainee's First Amendment claim. *Brown v. Phillips*, 801 F.3d 849, 853–54 (7th Cir. 2015). In other words, a regulation which restricts an inmate or detainee's constitutional rights is valid if it is reasonably related to legitimate penological interests. *Turner v. Safley,* 482 U.S. 78, 89 (1987). However, the Appellate Court also recognized "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Brown*, 801 F.2d at 854 *quoting Youngberg v. Romeo,* 457 U.S. 307, 321–22 (1982).

In *Brown v. Phillips*, the Seventh Circuit overturned the district court's summary judgment in favor of Rushville Defendants who banned detainees from having certain

2

movies and video games. *Brown,* 801 F.3d 849. The Court found the Defendants' argument in support of ban was "too feeble." *Brown,* 801 F.3d at 854. Specifically, the Seventh Circuit rejected Defendants argument that "common sense" justified "prohibiting sex offenders from viewing sexually explicit materials." *Brown,* 801 F.3d at 854. Instead, the Court held "some data is needed to connect the goal of reducing the recidivism of sex offenders with a ban on their possessing legal adult pornography." *Brown,* 801 F.3d at 854; *see also United States v. Taylor,* 796 F.3d 788, 792–93 (7th Cir.2015) (overturning a condition of supervised release that prohibited a person convicted of trafficking child pornography from possessing legal adult pornography; no evidence suggested that the legal material contributed to the illegal activity); *United States v. Siegel,* 753 F.3d 705, 709 (7th Cir.2014) (observing that allowing a rapist of adult women access to legal pornography can decrease likelihood of recidivism because research shows that viewing legal pornography can be a safe outlet for sexual behavior).

The Court notes Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Coupled with the liberal reading required of pro se complaints, the standard for surviving the Court's initial review is not high. Consequently, Plaintiff has adequately alleged a First Amendment violation based on a rule or policy banning Rushville residents from possessing sexually explicit photographs or pornographic magazines.

Once Defendants have been served and have filed an answer to the complaint, this matter will be set for hearing pursuant to Rule 16 of the Federal Rules of Civil

Procedure for the setting of expedited discovery and dispositive motion deadlines.

IT IS THEREFORE ORDERED:

1. Plaintiff's petition to proceed in forma pauperis is granted. [3]. Pursuant to a review of the Complaint, the Court finds that Plaintiff alleges Defendant Scott violated his First Amendment right based on a rule or policy banning Rushville residents from possessing sexually explicit photographs or pornographic magazines. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a

change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.　　If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.　　**The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED this 8th day of March, 2018.

　　　　　　　　　　　　s/ James E. Shadid

　　　　　　　_____
　　　　　　　　　　　　JAMES E. SHADID
　　　　　　　　　UNITED STATES DISTRICT JUDGE